UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:   1:18-cv-20163-FAM

DOUG LONGHINI, an Individual

      Plaintiff,

v.

AG INVESTMENT FL, LLC, 11211 S. DIXIE
HIGHWAY, LLC, SUNILAND ASSOCIATES,
LTD., DPF SUNILAND LLC, PENN SUNILAND,
LLC, WALGREEN CO., SUSHI ROCK LLC,
HOLIDAY CVS, L.L.C., WAGONS WEST,
INC., ELBARDI GK SM, LLC, GREEN APPLE
VENTURES LLC, THE CHEESE COURSE, LLC,
CK AT PINECREST, LLC, and THE CHEESE COURSE,
INC.,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, AG INVESTMENT FL, LLC, 11211 S. DIXIE HIGHWAY, LLC, SUNILAND ASSOCIATES, LTD., DPF SUNILAND LLC, PENN SUNILAND, LLC, WALGREEN CO., SUSHI ROCK LLC, HOLIDAY CVS, L.L.C., WAGONS WEST, INC., ELBARDI GK SM, LLC, GREEN APPLE VENTURES LLC, THE CHEESE COURSE, LLC, CK AT PINECREST, LLC and THE CHEESE COURSE, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

5.      At all times material, Defendant, AG INVESTMENT FL, LLC, was and is a Florida Limited Liability Company, with a place of business in Miami-Dade County, Florida and with agents and/or offices in Weston, Florida.

6.      At all times material, Defendant, AG INVESTMENT FL, LLC, owned and operated a commercial property which is a place of public accommodation, located at 11201 S. Dixie Highway, Pinecrest, Florida 33156.

7.      At all times material, Defendant, 11211 S. DIXIE HIGHWAY, LLC, was and is a Florida Limited Liability Company, with a place of business in Miami-Dade County, Florida and with agents and/or offices in Miami, Florida.

8.      At all times material, Defendant, 11211 S. DIXIE HIGHWAY, LLC, owned and operated a commercial property which is a place of public accommodation, located at 11211 S. Dixie Highway, Pinecrest, Florida 33156.

9.      At all times material, Defendant, SUNILAND ASSOCIATES, LTD., was and is a Florida Limited Partnership, with a place of business in Miami-Dade County, Florida and with agents and/or offices in Miami-Beach, Florida.

10.     At all times material, Defendant, SUNILAND ASSOCIATES, LTD., owned

and operated a commercial property which is a place of public accommodation, located at 11217 - 11233 S. Dixie Highway, Pinecrest, Florida 33156.

11.    At all times material, Defendant, DPF SUNILAND LLC, was and is a Florida Limited Liability Company, with its listed address in Denver, Colorado, a place of business in Miami-Dade County, Florida and its registered agents and/or offices in Plantation, Florida.

12.    At all times material, Defendant, DPF SUNILAND LLC, owned and operated a commercial property which is a place of public accommodation, located at 11217-11533 S. Dixie Highway, Pinecrest, Florida 33156.

13.    At all times material, Defendant, PENN SUNILAND, LLC, was and is a Florida Limited Liability Company, with a place of business in Miami-Dade County, Florida and with agents and/or offices in Miami, Florida.

14.    At all times material, Defendant, PENN SUNILAND, LLC, owned and operated a commercial property which is a place of public accommodation, located at 11201 S. Dixie Highway, Pinecrest, Florida 33156.

15.    At all times material, Defendant, WALGREENS CO., was and is an Illinois Corporation, with its principal place of business in Deerfield, Illinois, a registered agent conducting a significant amount of business in Tallahassee, Florida, and which conducts a substantial amount of business in Miami-Dade County, Florida.

16.    At all times material, Defendant, WALGREENS CO., owned and operated a retail/pharmacy business that is a place of public accommodation, located at 11211 S. Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, 11211 S. DIXIE HIGHWAY LLC.'s property).   Defendant, WALGREENS CO., holds itself out to the public as "Walgreens #09572."

17.    At all times material, Defendant, SUSHI ROCK LLC, was and is a Florida

Limited Liability Company, with its principal place of business in Miami-Dade County, Florida and with agents and/or offices in Miami Beach, Florida.

18.     At all times material, Defendant, SUSHI ROCK LLC, owned and operated a restaurant business that is a place of public accommodation, located at 11293 S. Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, DPF SUNILAND LLC's property).   Defendant, SUSHI ROCK LLC, holds itself out to the public as "SUSHI ROCK."

19.     At all times material, Defendant, HOLIDAY CVS, L.L.C., was and is a Florida Limited Liability Company, with its principal place of business in Woonsocket, Rhode Island, with a registered agent in Plantation, Florida and it conducted a significant amount of business in Miami-Dade County, Florida.

20.     At all times material, Defendant, HOLIDAY CVS, LLC, owned and operated a retail/pharmacy business that is a place of public accommodation, located at 11299 S. Dixie Highway, Pinecrest, Florida 33176 (which is located within Co-Defendant, DPF SUNILAND LLC's property).   Defendant, HOLIDAY CVS, LLC, holds itself out to the public as "CVS/Pharmacy #3984."

21.     At all times material, Defendant, WAGONS WEST, INC., was and is a Florida Corporation, with its principal place of business in Miami-Dade County, Florida and with agents and/or offices in Miami, Florida.

22.     At all times material, Defendant, WAGONS WEST, INC., owned and operated a restaurant business that is a place of public accommodation, located at 11311 S. Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, DPF SUNILAND LLC's property).   Defendant, WAGONS WEST, INC., holds itself out to the public as "Wagons West."

23.     At all times material, Defendant, ELBARDI GK SM, LLC, was and is a Florida Limited Liability Company, with its principal place of business in Miami-Dade County, Florida and with agents and/or offices in Doral, Florida.

24.     At all times material, Defendant, ELBARDI GK SM, LLC, owned and operated a restaurant business that is a place of public accommodation, located at 11327 S. Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, DPF SUNILAND LLC's property).   Defendant, ELBARDI GK SM, LLC, holds itself out to the public as "Gyu-Kaku."

25.     At all times material, Defendant, GREEN APPLE VENTURES LLC, was and is a Florida Limited Liability Company, with its principal place of business, officers and registered agent in Broward County, Florida.

26.     At all times material, Defendant, THE CHEESE COURSE, INC., was and is a Florida Corporation, with its principal place of business and officers in Broward County, Florida.

27.     At all times material, Defendants, GREEN APPLE VENTURES LLC and THE CHEESE COURSE, INC., owned and operated a restaurant business that is a place of public accommodation, located at 11355 S. Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, DPF SUNILAND LLC's property).   Defendants, GREEN APPLE VENTURES LLC and THE CHEESE COURSE, INC., hold themselves out to the public as "The Cheese Course."

28.     At all times material, Defendant, CK AT PINECREST, LLC, was and is a Florida Limited Liability Company, with its principal place of business and officers and agents in Miami-Dade County, Florida.

29.     At all times material, Defendant, CK AT PINECREST, LLC, owned and operated a restaurant business that is a place of public accommodation, located at 11403 S.

Dixie Highway, Pinecrest, Florida 33156 (which is located within Co-Defendant, DPF SUNILAND LLC's property). Defendant, CK AT PINECREST, LLC, holds itself out to the public as "Chicken Kitchen and/or Chicken Kitchen Pinecrest."

30.     Venue is properly located in the Southern District of Florida because Defendants' businesses, places of public accommodation, and properties are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

31.     Although over twenty-five years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

32.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

33.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

34.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

35.     Defendants, AG INVESTMENT FL, LLC, 11211 S. DIXIE HIGHWAY, LLC, SUNILAND ASSOCIATES, LTD., DPF SUNILAND LLC, PENN SUNILAND, LLC., own, operate and/or oversee individual commercial properties which, combined, make up the commercial plaza property known to the public as "Suniland Center" located in Pinecrest, Florida that is the subject of this Action.

36.     Defendants, WALGREEN CO., SUSHI ROCK LLC, HOLIDAY CVS, L.L.C., WAGONS WEST, INC., ELBARDI GK SM, LLC, GREEN APPLE VENTURES LLC, THE CHEESE COURSE, INC., and CK AT PINECREST, LLC, operate and oversee the businesses in Pinecrest, Florida that are the subjects of this Action.

37.     The subject commercial plaza property and businesses therein are open to the public and is located in Pinecrest, Florida.

38.     The individual Plaintiff visits this commercial plaza property and the businesses therein regularly to avail himself of the goods and services availed to the public there, to include visits on or about October 9 and October 13, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property and the businesses therein.

39.     He plans to return to the commercial plaza property in order to avail himself of the goods and services offered to the public at the businesses, if the property/businesses become accessible within the next three (3) months.

40.     Plaintiff visited the commercial plaza property and businesses therein as a patron/customer, regularly visits the commercial plaza property and business therein as a patron/customer, and intends to return to the commercial plaza property and businesses therein in order to avail himself of the goods and services offered to the public at the commercial plaza property and businesses therein.   Plaintiff is domiciled nearby in the same County and

state as the commercial plaza property, has regularly frequented the Defendants' Pinecrest plaza property and the businesses therein for the intended purposes, and intends to return to the commercial plaza property and the businesses within three (3) months' time from the filing of this Complaint.

41.     The Plaintiff found the commercial plaza property and businesses therein to be rife with ADA violations.   The Plaintiff encountered architectural barriers at commercial plaza property and individual businesses owned and/or operated by the Defendants, and wishes to continue his patronage and use of the premises.

42.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the subject commercial plaza property and businesses therein.   The barriers to access at Defendants' properties and businesses have denied or diminished Plaintiff's ability to visit the commercial plaza property and businesses therein and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

43.     Places of Public Accommodation: Defendants own and operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   More specifically, Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, AG INVESTMENT FL, LLC, 11211 S. DIXIE HIGHWAY, LLC, SUNILAND ASSOCIATES, LTD., DPF SUNILAND LLC, PENN SUNILAND, LLC, WALGREEN CO., SUSHI ROCK LLC, HOLIDAY CVS, L.L.C., WAGONS WEST, INC., ELBARDI GK SM, LLC, GREEN APPLE VENTURES LLC, THE CHEESE COURSE, INC., and CK AT PINECREST, LLC, own and operate are identified above.

44.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing

threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial plaza property and businesses therein, but not necessarily limited to the allegations in Paragraph 46 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial plaza property, in violation of the ADA. Plaintiff desires to visit the commercial plaza property, not only to avail himself of the goods and services available at the commercial plaza property but to assure himself that the commercial properties and businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial plaza property without fear of discrimination.

45.     Defendants have discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial plaza property and businesses therein, as prohibited by 42 U.S.C. § 12182 et seq.

46.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and Defendants' businesses, include, but are not limited to, the following:

### Parking

1. The Plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located

on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>Entrance Access and Path of Travel</u>**

1. The Plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not enter several of the doors without assistance as the required maneuvering clearance was not provided. Violation: The maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

3. The doors at several of the building entrances are fitted with inaccessible    hardware at the facility, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

4. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

5. The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services**

1. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

2. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

4. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

5. The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

1. The Plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2.  The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4.  The Plaintiff could not use the toilet without assistance as the required grab bars were not provided. Violation: Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4, 4.26 and Figure 29 of the ADAAG and Sections 604.5.2 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

5.  The Plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Sections 604.6 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

6.  The Plaintiff had difficulty using the toilet without assistance as it was mounted too far from the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

7.  The Plaintiff had difficulty using the toilet as it was mounted too high. Violation: The water closets that are provided for public use at the facility violate the provisions of Section 4.16.3 and Figure 29(b) of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff had difficulty using the side grab bar as it was mounted too far from the wall. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The Plaintiff could not enter the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

11. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

47.    The discriminatory violations described in Paragraph 46 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the commercial plaza property and businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

48.    The individual Plaintiff, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

49.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

50.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

51.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

52.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

53.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 16, 2018.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
Marina Lakes, No.3
4937 S.W. 74th Court
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails: mpomares@lawgmp.com,
    ajperezlaw@gmail.com, and
    agarciamenocal@gmplaw.com

By:   */s/ Anthony J. Perez*
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    ALFREDO GARCIA-MENOCAL
    Florida Bar No.: 533610