UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20163-CIV-MORENO

DOUG LONGHINI,

    Plaintiff,

vs.

AG INVESTMENT FL, LLC; 11211 S. DIXIE
HIGHWAY, LLC; SUNILAND
ASSOCIATES, LTD.; DPF SUNILAND LLC;
PENN SUNILAND, LLC; WALGREEN CO.
d/b/a WALGREENS #09572; SUSHI ROCK
LLC d/b/a SUSHI ROCK; HOLIDAY CVS,
L.L.C. d/b/a CVS/PHARMACY #3984;
WAGONS WEST, INC. d/b/a WAGONS
WEST; ELBARDI GK SM, LLC d/b/a GYU-
KAKU; GREEN APPLE VENTURES LLC
d/b/a THE CHEESE COURSE; THE CHEESE
COURSE, LLC d/b/a THE CHEESE
COURSE; CK AT PINECREST, LLC d/b/a
CHICKEN KITCHEN d/b/a CHICKEN
KITCHEN PINECREST, LLC; and THE
CHEESE COURSE, INC.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant AG Investment FL, LLC's Motion to Dismiss Plaintiff's Amended Complaint **(D.E. 55)**, filed on **February 27, 2018.**

THE COURT has reviewed Plaintiff's complaint and finds that it appears to run afoul of the requirement set forth in Federal Rule of Civil Procedure 8(a)(2) that a complaint must consist of a "short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, Plaintiff's complaint is DISMISSED without prejudice. Plaintiff may file a second amended complaint, which comports with this order no later than **May 25, 2018**.

In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995).

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015), the Eleventh Circuit explained that complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are referred to as "shotgun" pleadings and identified four "rough" categories into which they fall:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Here, Plaintiff's Amended Complaint is guilty of the fourth and most rare sin—it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts. Notably, Plaintiff's counsel is aware that this type of shotgun pleading is improper and insufficient to withstand a motion to dismiss, having previously been

2

disciplined for filing an almost identical complaint. *See Larkin v. Cantu LLC*, Case No. 6:15-CV-1544-ORL-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017)("Larkin's amended complaint is an impermissible shotgun pleading . . . the vague manner of pleading makes it impossible for each Defendant to know precisely which violations it is being accused of having committed."). As such, going forward Plaintiff should be particularly mindful of the pleading requirements set forth below as this Court is not required to allow Plaintiff repeated opportunities to cure deficiencies when it is obvious that amendment would be futile. *See Marshall v. Aryan Unlimited Staffing Solution/Faneuil Inc./MacAndrews Holding*, 599 Fed. Appx. 896, 899 (11th Cir. 2015)(finding that a district court is not required to permit amendment if there has been repeated failure to cure deficiencies by amendments previously allowed or amendment would be futile)(internal citations and quotations omitted)).

This order does not excuse the parties from any pending calendar call, nor does it remove the case from its current trial calendar. The purpose and effect of this order is limited. It is intended to require that the complaint be brought into compliance with the Federal Rules of Civil Procedure, but not to close the case. Mindful of Rule 8(a)(2) that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and of Rule 10(b) that a well-pleaded complaint contains only one claim per count, as well as the due process concerns articulated above, it is

**ORDERED and ADJUDGED:**

1. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint no later than **May 25, 2018**.

2. In redrafting the complaint, counsel is required to ensure that it clearly specifies which defendant is responsible for which specific act or omission.

3. Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth. If a claim is one where Federal Rule of Civil Procedure 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

4. If any party has yet to be served with process or enter an agreement in this case, the Plaintiff's counsel shall forward to a copy of this order to those parties.

5. Failure to file an amended complaint in compliance with this order may result in the Court closing the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th of April 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record